Matthew M. Levy, J.
This application by the committee of the incompetent for an order authorizing certain monthly expenditures for the incompetent is denied, without prejudice to appropriate disbursements being made by the committee subject to due accounting therefor. The fact that the surety company suggested that judicial authorization be obtained does not warrant the granting of the application. Nor does the fact that the Attorney-General of the State has waived notice of this application affect the applicable rule of law, which I have heretofore had occasion to state as follows: “ The court appoints a committee of the person and property of an incompetent for the purpose of taking care of his physical well-being and of his estate. The court is not to be expected to assume the committee’s functions or tasks or to perform the committee’s duties. It is the committee’s responsibility, under bond, to administer the affairs of the incompetent, not to ask the court to administer them for him. * # * It is for the committee, taking into account all the facts and circumstances, to make proper expenditures for the benefit of the incompetent, and it is the committee who must assume the responsibility therefor. Their propriety in any case is subject to the court’s determination on an accounting by the committee.” (Matter of Zwickler, 204 Misc. 164, 165 [1952].)
A fee is requested by the attorney for the preparation and submission of the papers, and it is also requested that such fee be paid out of the incompetent’s estate. That, too, is denied, without prejudice, however, to the surety being charged for such payment out of its own funds. In asking the committee to make this application, the surety was acting for the protection of its *285 own interests, not those of the incompetent. The law in the premises is well established, and the surety should be discouraged from suggesting to the committee the presentation of such petitions to the court.